**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HERMAN CALKINS,

    Plaintiff,

v.

                                            Case No. 1:04-00300

MIDLAND FUNDING NCC-2 CORPORATION,
et al.,

    Defendants.

                                        /

**ORDER GRANTING IN PART, DENYING IN PART,
PLAINTIFF'S MOTION TO COMPEL
AND RESCHEDULING BRIEFING DEADLINES AND HEARING DATE**

Pending before the court is Plaintiff Herman Calkins's "Motion to Compel Production and Renewed Motion Under Rule 56(f)," filed on November 7, 2005.  The court conducted an on-the-record telephone conference on November 21, 2005.  For the reasons state fully on the record, the court will grant in part and deny in part Plaintiff's motion.  Accordingly,

IT IS ORDERED that Plaintiff's November 7, 2005 "Motion to Compel Production and Renewed Motion Under Rule 56(f)" [Dkt. # 45] is GRANTED IN PART and DENIED IN PART.  IT IS GRANTED with respect to Plaintiff's request for contracts or engagement letters under which any entity or attorney has collected within the last year upon motor vehicle installment contracts originating in Michigan on behalf of Defendant Midland Credit.  Defendants shall produce such documents by **November 28, 2005**, subject to a stipulated protective order.  Plaintiff's motion is DENIED in all other respects for the

primary reason that the requests were untimely and for the additional reason that Defendant made certain stipulations on the record which largely mooted Plaintiff's discovery requests. Specifically, defense counsel stipulated that (1) both Midland Funding and Midland Credit are plaintiffs in numerous lawsuits in Michigan, on a continuing basis, for the purpose of collecting debt and (2) Midland Credit, but not Midland Funding, is engaged in extensive pre-suit collection activities, on a continuing basis, for purposes of collecting debt.

The parties are DIRECTED to negotiate in good faith to prepare a stipulated protective order to address, at a minimum, the documents to be produced by Defendant as contemplated in this order and the document filed under seal in association with Defendant's motion for summary judgment. The stipulated protective order is to be presented to the court for entry by **November 28, 2005**. In the event agreement can not be reached by the parties, Plaintiff is DIRECTED to file Defendant's last proposed version, along with Plaintiff's proposed modifications by **November 29, 2005**. The court will subsequently enter a version it deems appropriate.

IT IS FURTHER ORDERED that Plaintiff shall file his response to Defendants' motion for summary judgment by **December 14, 2005.** Defendants' reply, if any, shall be filed on or before **December 23, 2005.** The court will conduct a hearing on the motion on **January 11, 2006 at 2:00 p.m.** All previous briefing deadlines and the December 7, 2005 hearing date are superceded.[1]

---

[1] As discussed on the record, the court will suspend determination of the constitutionality of the relevant Michigan statute until after all other aspects of Defendants' motion are resolved and after the Michigan Attorney General is notified of the dispute.

                                                               S/Robert H. Cleland
                                                              ROBERT H. CLELAND
                                                               UNITED STATES DISTRICT JUDGE

Dated: November 28, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 28, 2005, by electronic and/or ordinary mail.

                                                               S/Lisa Wagner
                                                              Case Manager and Deputy Clerk
                                                              (313) 234-5522